IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                                CIVIL ACTION NO.

| | |
|---|---|
| TIG INSURANCE COMPANY,<br>  Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| JON CONANT, HILDA AYER ANDERSON,<br>and THE AYER ANDERSON FOUNDATION<br>  Defendants | )<br>)<br>)<br>) |

FILED
IN CLERKS OFFICE
2004 OCT -5  A 11: 36
U.S. DISTRICT COURT
DISTRICT OF MASS.

04 12

MAGISTRATE JUDGE Collings

## COMPLAINT FOR DECLARATORY RELIEF

### I. PRELIMINARY STATEMENT

1.  TIG Insurance Company ("TIG") brings this complaint for declaratory relief seeking a determination as to the rights and responsibilities of the various parties under a contract of insurance.

### II. THE PARTIES

2.  The plaintiff, TIG, is incorporated under the laws of California with a principal place of business of Chicago, Illinois.

3.  The defendant, Jon Conant, is a Massachusetts attorney with a place of business in Andover, Essex County, Massachusetts.

4.  The defendant, Hilda Ayer Anderson, is an individual residing in Gloucester, Massachusetts.

5.  The defendant, The Ayer Anderson Foundation, Inc., is a Massachusetts corporation operating a facility in Gloucester, Massachusetts.

879429.1                                        1

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

### III. JURISDICTION

6. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. section 1332(a)(1). The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is appropriate under 28 U.S.C. section 1391 because at least two of the Defendants reside in this judicial district, and the events or omissions giving rise to the claim occurred, in part, in this judicial district.

### IV. STATEMENT OF THE FACTS

8. TIG issued to Conant a professional liability insurance policy number AP37992447 (the "Policy").

9. The Policy provides for payment of "Damages" awarded against the insured subject to certain restrictions and exclusions including, in relevant part, as follows:

C. "Damages" shall mean:

The monetary portion of any judgment, award or settlement, including interest thereon. Damages shall not include:

1. Return, restitution or set off of any fees, costs or expenses paid to or charged by any Insured; or

2. Punitive or exemplary damages or that portion of any award or judgment caused by the trebling or multiplication of damages under Federal or State law; or

3. Civil or criminal fines, sanctions, forfeitures, or penalties, whether pursuant to law or statute, including awards under any applicable state or local regulation or rule of civil or criminal procedure, 28 U.S.C. §1927, or Rule 11 of the Federal Rules of Civil Procedure; or

4. Matters that may be deemed uninsurable under the law pursuant to which this Policy shall be construed.

Section VII. Exclusions

This Policy Does Not Apply To Any Claim or Claims Arising Out Of:

1. Any judgment or final adjudication based upon or arising out of any dishonest, fraudulent, criminal, malicious or knowingly wrongful act, error, omission or Personal Injury or deliberate misrepresentation committed by, at the direction of, or with the knowledge of the Insured. This Exclusion shall not apply to any Insured who did not commit, participate in, or have knowledge of any such act, error, omission, Personal Injury or misrepresentation;

6. Non-pecuniary, injunctive or equitable relief;

7. Any judgment or final adjudication based upon the conversion, misappropriation, embezzlement, commingling, defalcation or ethically improper use or disposal of funds or other property…

A copy of the Policy is appended hereto as **Exhibit 1**.

10. On or about April 28, 2003, Timothy King filed a Verified Complaint in the Suffolk Superior Court asserting claims against, among others, Conant. The Verified Complaint was on behalf of Hilda Ayer Anderson ("Mrs. Anderson") and the Ayer Anderson Foundation (the "Foundation"). A copy of the Verified Complaint is appended hereto as **Exhibit 2**.

11. The introductory paragraph of that Verified Complaint describes the action as one seeking recovery of in excess of $5 million which was "stolen by Mrs. Anderson's attorney, defendant Jon F. Conant" and others. The Verified Complaint further expressly asserts that Attorney Conant, and others, "systematically misappropriated funds from Mrs. Anderson and the Foundation for their personal benefit."

---

[1] The complaint was verified (*i.e.* signed by the plaintiff under oath) because such is required when the plaintiffs are seeking injunctive relief. As such, the court requires that the basis for such action be the sworn statement of the complainant rather than just the argument of an attorney.

12. On or about May 20, 2004, Timothy King filed an Amended Complaint on behalf of Mrs. Anderson and the Foundation. A copy of the Amended Complaint is appended hereto as **Exhibit 3**.

13. The Amended Complaint repeated most of the factual averments contained in the Verified Complaint. For example, in its introductory section, the Amended Complaint asserts that Conant and others systematically misappropriated funds from Mrs. Anderson and the Foundation.

14. The introductory section of the Amended Complaint also alleges that Conant and others defrauded Mrs. Anderson and the Foundation through various schemes.

15. The Amended Complaint contains the following counts against Conant: conversion (Count I), breach of fiduciary duty for conversion and self dealing (Count II), fraud (Count III), breach of contract for not rendering honest legal advice (Count IV), negligence (Count V), unjust enrichment (Count X), violation of G.L. c. 93A §11 (Count XI), aiding and abetting the fraudulent activities of others (Count XII), accounting (Count XIII) and trustee process (Count XIV).

16. TIG has provided a defense for Conant to the verified Complaint and the amended Complaint pursuant to a reservation of its rights.

## V.    COUNT FOR DECLARATORY RELIEF

17. TIG hereby restates and incorporates herein the averments set forth in Paragraphs 1 through 16 above.

18. TIG owes no duty under the Policy to indemnify Conant for any judgment on counts I, III, V, X, XI, XII, XIII, and XIV, as such claims are excluded under the express terms of the Policy.

19. TIG shall owe no duty under the Policy to indemnify Conant for any judgment on counts II, IV, or V should a jury find that such damages arise out of Conant's dishonest, fraudulent, criminal, malicious or knowingly wrongful act, error, omission or deliberate misrepresentation to Mrs. Anderson or the Foundation.

## VI.   PRAYERS FOR RELIEF

WHEREFORE, TIG Insurance Company prays that this Court:

A. Enter judgment declaring that TIG owes no duty to indemnify Conant on any counts I, III, V, X, XI, XII, XIII, and XIV of the Amended Complaint as such claims are excluded under the terms of the Policy;

B. Enter judgment declaring that TIG owes no duty to indemnify Conant for any judgment on counts II, IV, or V to the extent such damages arise out of Conant's dishonest, fraudulent, criminal, malicious or knowingly wrongful act, error, omission or deliberate misrepresentation to Mrs. Anderson or the Foundation.

C. Grant such other relief that the Court deems meet and just.

## JURY CLAIM

The plaintiff, TIG Insurance Company, demands a trial by jury on all issues so triable.

        TIG INSURANCE COMPANY
        By its attorneys,
        MORRISON MAHONEY LLP

        _____
        Scott Douglas Burke, BBO#551255
        Steven J. Bolotin, BBO#564085
        250 Summer Street
        Boston, MA 02210-1181
        Tel. (617) 439-7500

879429.1