Policy No.:    AP 37992447
Replacement No.:    0000000000

TIG Insurance Company
Administrative Office, Irving, Texas 75039

DECLARATIONS

THIS LAWYERS PROFESSIONAL LIABILITY INSURANCE IS WRITTEN ON A CLAIMS MADE AND REPORTED BASIS. THIS POLICY COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSURED AND REPORTED IN WRITING TO THE COMPANY DURING THE THE POLICY PERIOD, OR DURING ANY APPLICABLE EXTENDED CLAIM REPORTING PERIOD, AS DEFINED IN THIS POLICY, BY REASON OF ANY ACT, ERROR, OMISSION OR PERSONAL INJURY ARISING FROM PROFESSIONAL SERVICES RENDERED OR WHICH SHOULD HAVE BEEN RENDERED PRIOR TO THE EXPIRATION OF THE POLICY PERIOD AND SUBSEQUENT TO THE RETROACTIVE DATE, IF ANY. PLEASE NOTE THAT PAYMENT OF CLAIMS EXPENSES AND DAMAGES SHALL REDUCE THE LIMITS OF LIABILITY.

1. NAMED INSURED & PRINCIPAL ADDRESS:

   **Jon F. Conant**
   **Attorney at Law**
   **64 Middle Street**
   **Gloucester, MA  01930-5739**

2. POLICY PERIOD: **12/18/2002** TO:   **12/18/2003**   AT 12:01 A.M. STANDARD TIME AT YOUR ADDRESS SHOWN ABOVE
   INCEPTION                EXPIRATION

3. NAME OF EACH LAWYER:                SOCIAL SECURITY NUMBER:
   **Jon F. Conant**

   PLEASE SEE ATTACHED SCHEDULE IF MORE THAN FIVE LAWYERS.

4. DEDUCTIBLE:
       $5,000                      EACH CLAIM

5. LIMITS OF LIABILITY:
       A)  $1,000,000              EACH CLAIM
       B)  $2,000,000              AGGREGATE

6. PREMIUM:
       A)  $11,708.00              POLICY PREMIUM
       B)      $.00                STATE SURCHARGE (IF APPLICABLE)
       C)      $.00                TAX (IF APPLICABLE)
       D)  $11,708.00              TOTAL

7. RETROACTIVE DATE:    **NONE**

   THIS POLICY DOES NOT PROVIDE COVERAGE FOR ANY ACT, ERROR, OMISSION OR PERSONAL INJURY ARISING FROM PROFESSIONAL SERVICES RENDERED OR WHICH SHOULD HAVE BEEN RENDERED PRIOR TO THE RETROACTIVE DATE STATED ABOVE.

8. SOLE AGENT:    **Jon F. Conant**

9. ENDORSEMENTS ATTACHED AT POLICY ISSUANCE INCLUDE:
   AP25740  (03/98)  ZC18558E  (04/02)  AP25691  (01/98)  AP26773  (03/00)  AP26813  (05/00)
   AP23780  (06/95)

10. NOTICE OF CLAIM SHALL BE SENT TO:   **TIG Specialty Insurance Solutions**
                                         **125 S. Wacker**
                                         **Suite 700**
                                         **Chicago, IL 60606**
                                         **ATTN: Lawyers Liability Claims**

THIS POLICY IS NOT VALID UNTIL SIGNED BY OUR AUTHORIZED REPRESENTATIVE.

__January 07, 2003__
ISSUE DATE
AP 23772

AUTHORIZED REPRESENTATIVE

6-95

Policy No.: **AP 37992447**
Replacement No.: 0000000000

TIG Insurance Company
Administrative Office, Irving, Texas 75039

## DECLARATIONS

THIS LAWYERS PROFESSIONAL LIABILITY INSURANCE IS WRITTEN ON A CLAIMS MADE AND REPORTED BASIS. THIS POLICY COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSURED AND REPORTED IN WRITING TO THE COMPANY DURING THE POLICY PERIOD, OR DURING ANY APPLICABLE EXTENDED CLAIM REPORTING PERIOD, AS DEFINED IN THIS POLICY, BY REASON OF ANY ACT, ERROR, OMISSION OR PERSONAL INJURY ARISING FROM PROFESSIONAL SERVICES RENDERED OR WHICH SHOULD HAVE BEEN RENDERED PRIOR TO THE EXPIRATION OF THE POLICY PERIOD AND SUBSEQUENT TO THE RETROACTIVE DATE, IF ANY. PLEASE NOTE THAT PAYMENT OF CLAIMS EXPENSES AND DAMAGES SHALL REDUCE THE LIMITS OF LIABILITY.

1. NAMED INSURED & PRINCIPAL ADDRESS:
   **Jon F. Conant**
   **Attorney at Law**
   **64 Middle Street**
   **Gloucester, MA 01930-5739**

2. POLICY PERIOD: **12/18/2002** TO: **12/18/2003** AT 12:01 A.M. STANDARD TIME AT YOUR ADDRESS SHOWN ABOVE
   INCEPTION            EXPIRATION

3. NAME OF EACH LAWYER:            SOCIAL SECURITY NUMBER:
   **Jon F. Conant**

   PLEASE SEE ATTACHED SCHEDULE IF MORE THAN FIVE LAWYERS.

4. DEDUCTIBLE:
   **$5,000**            EACH CLAIM

5. LIMITS OF LIABILITY:
   A) **$1,000,000**            EACH CLAIM
   B) **$2,000,000**            AGGREGATE

6. PREMIUM:
   A) **$11,708.00**            POLICY PREMIUM
   B) **$.00**            STATE SURCHARGE (IF APPLICABLE)
   C) **$.00**            TAX (IF APPLICABLE)
   D) **$11,708.00**            TOTAL

7. RETROACTIVE DATE: **NONE**

   THIS POLICY DOES NOT PROVIDE COVERAGE FOR ANY ACT, ERROR, OMISSION OR PERSONAL INJURY ARISING FROM PROFESSIONAL SERVICES RENDERED OR WHICH SHOULD HAVE BEEN RENDERED PRIOR TO THE RETROACTIVE DATE STATED ABOVE.

8. SOLE AGENT: **Jon F. Conant**

9. ENDORSEMENTS ATTACHED AT POLICY ISSUANCE INCLUDE:
   **AP25740 (03/98) ZC18558E (04/02) AP25691 (01/98) AP26773 (03/00) AP26813 (05/00)**
   **AP23780 (06/95)**

10. NOTICE OF CLAIM SHALL BE SENT TO:
    **TIG Specialty Insurance Solutions**
    **125 S. Wacker**
    **Suite 700**
    **Chicago, IL 60606**
    **ATTN: Lawyers Liability Claims**

THIS POLICY IS NOT VALID UNTIL SIGNED BY OUR AUTHORIZED REPRESENTATIVE.

**January 07, 2003**
ISSUE DATE
AP 23772

_____
AUTHORIZED REPRESENTATIVE

6-95

## EXCESS NOT-FOR-PROFIT DIRECTORSHIP EXTENSION ENDORSEMENT

It is hereby understood and agreed that notwithstanding the **Limit of Liability-Each Claim** and **Limit of Liability-Aggregate** stated in the Declarations:

(1) A sublimit of liability for each **Claim** of $ 50,000 , as part of and not in addition to the **Limit of Liability - Each Claim** stated in the Declarations, and

(2) A sublimit of liability in the aggregate of $ 50,000 , as part of and not in addition to the **Limit of Liability - Aggregate** stated in the Declarations

shall be available, but shall constitute the only **Limits of Liability** available, for payment of **Claims Expenses** only, for each and every **Insured** who was or now is or during the **Policy Period** becomes a duly elected or appointed Director or Officer of any not-for-profit organization arising out of any act, error or omission committed or alleged to have been committed in rendering or failing to render services in the **Insured's** capacity as such director or officer of such not-for-profit organization. This endorsement provides no coverage or payment for **Damages** in the **Insured's** capacity as such director or officer of a not-for-profit organization.

<u>CONFORMANCE WITH PRIMARY POLICY</u>

Except as otherwise provided by this endorsement, the insurance provided by this endorsement is subject to the same insuring clauses, definitions, terms, conditions, exclusions and other provisions as those set forth in the Primary Policy.

<u>DEFINITIONS</u>

The following terms whenever used in this endorsement shall have the meanings indicated:

A. "Primary Policy" shall mean any director and officer insurance policy issued to the not-for-profit organization for which the **Insured** is, was, or becomes during the **Policy Period,** a director or officer which is written on a primary basis in excess of the deductible or self-insured retention.

B. "Underlying Policies" shall mean all directors and officers insurance policies issued to the same insured as the Primary Policy, including the Primary Policy, which afford coverage on a primary, excess or umbrella basis.

C. "Underlying Limit of Liability" shall mean the combined limits of liability of the Underlying Policies.

D. The term "not-for-profit organization" means any non-profit corporation, community chest, fund, organization or foundation exempt from federal income tax pursuant to Section 501(c)(3) of the Internal Revenue Code of 1986, as amended. The term "not-for-profit organization" shall not include the **Named Insured**.

<u>MAINTENANCE OF UNDERLYING POLICIES</u>

This endorsement provides excess coverage only for **Claim Expenses** only. It is a condition precedent to the coverage afforded under this endorsement that those insured hereunder maintain the Underlying Policies with retentions/deductibles, and limits of liability (subject to exhaustion as a result of loss payments), as set forth in the Declarations pages of those policies. This endorsement does not provide coverage for any **Claim Expenses** not covered by the Underlying Policies except and to the extent that such **Claim Expenses** are not paid under the Underlying Policies solely by reason of exhaustion of the Underlying Limit of Liability through payments of loss by the underlying insurers. In the event the insurer under one or more of the Underlying Policies fails to pay in connection with any Claim as a result of the Insolvency, bankruptcy or liquidation of said insurer, then those insured hereunder shall be deemed self-insured for the amount of the primary limit of liability which is not paid as a result of such insolvency, bankruptcy or liquidation.

LIMITS OF LIABILITY

A.  The Company shall be liable to pay **Claims Expenses** which are in excess of:

    1.  The Underlying Limit of Liability plus

    2.  The applicable retention or deductible under the Primary Policy

        up to the sublimit of liability of $ 50,000 , stated in this endorsement resulting from each **Claim** made against the directors and officers.

B.  The Company shall be liable only after the insurers under each of the Underlying Policies have paid or have been held liable to pay the full amount of the Underlying Limit of Liability.

C.  In the event of the exhaustion of the Underlying Limit of Liability by reason of payment of loss, claim expenses, or damages by the underlying insurers, this Policy shall continue in force as primary insurance for **Claims Expenses**; provided, however, that in the case of exhaustion this Policy shall only pay excess of the retention or deductible applicable to the Primary Policy as set forth in the Declarations of that policy, which shall be applied to any subsequent **Claims Expenses** in the same manner as specified in the Primary Policy.

ADDITIONAL PROVISIONS

Coverage provided by this endorsement shall not extend to the not-for-profit organization or to any director, officer, trustee, governor or any equivalent executive or employee of the not-for-profit organization, other than the **Insured** serving in the capacity as director or officer of the not-for-profit organization.

Coverage provided by this endorsement shall be specifically excess of any indemnity or insurance available to the **Insured** by reason of serving as a director or officer of a not-for-profit organization, including any insurance provided by or indemnity available from the not-for-profit organization.

Payment by the Company or any of its subsidiaries or affiliated companies under another policy on account of claims expenses also covered pursuant to this endorsement shall reduce by the amount of the payment the Company's sublimit of liability under this endorsement with respect to such claim.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED**

This endorsement is part of the Policy and takes effect on the Inception Date of the Policy, unless another Effective Date is shown below.

ENDORSEMENT NO.:   1                    ISSUED TO:   Jon F. Conant

POLICY NUMBER:   AP 37992447            EFFECTIVE DATE:   12/18/2002

By

Authorized Representative

Date

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

# MASSACHUSETTS AMENDATORY ENDORSEMENT

This endorsement modifies coverage provided under the following:

LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY

The following changes are hereby made to the policy:

Under **SECTION XI. CONDITIONS, Item K. Cancellation or Nonrenewal** is replaced by the following:

CANCELLATION BY THE INSURED:

1. The **Named Insured** may cancel this policy at any time by mailing or delivering to the Company advance written notice of cancelation.

2. If the **Named Insured** cancels this policy in the first thirty days of the policy period, any premium refund due will be calculated on a pro rata basis. If the **Named Insured** cancels this policy more than thirty days into the policy period, any refund due will be calculated on a short rate basis.

CANCELLATION BY THE COMPANY

The Company may cancel this policy for any reason by giving the **Insured** written notice of cancellation at least:

   a. 10 days before the effective date of cancelation if the Company cancels for nonpayment of premium; or

   b. 30 days before the effective date of cancelation if the Company cancels for any other reason.

b. Written notice of cancelation will be mailed or delivered to the first **Named Insured** at the last mailing address known to the Company. If notice is mailed, proof of mailing will be sufficient proof of notice.

3. Notice of cancellation will state the effective date of cancellation. The **Policy Period** will end on that date.

4. If this policy is cancelled, the Company will send the first **Named Insured** any premium refund due. If the Company cancels, the refund will be pro rata. If the policy is cancelled at the request of a premium finance company that has financed this policy under a premium finance agreement, the refund will be pro rata. The cancellation will be effective even if the Company has not made or offered a refund.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED**

This endorsement is part of the Policy and takes effect on the Inception Date of the Policy, unless another Effective Date is shown below.

| | | | |
|---|---|---|---|
| ENDORSEMENT NO.: | 2 | ISSUED TO: | Jon F. Conant |
| POLICY NUMBER: | AP 37992447 | EFFECTIVE DATE: | 12/18/2002 |

By _____
Authorized Representative

Date

AP26773
03/2000

Page 1 of 1

# ATTORNEYS MANDATORY CHANGES: STANDARD

This endorsement modifies coverage provided under the following:

LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY

The following changes are hereby made to the policy:

**Section IV. Supplementary Payments** is replaced by the following:

    A. The Company shall reimburse up to $500 for loss of earnings to each individual **Insured** for each day or part of the day of such **Insured s** attendance at a trial, hearing or arbitration proceeding arising from a **Claim** against such **Insured** for **Damages** if the **Insured's** attendance is requested in writing by the Company. The amount payable by the Company for such reimbursements shall not exceed $5,000 per **Claim**, or $10,000 in the aggregate. Any such reimbursement made pursuant to this paragraph shall be in addition to the **Limits of Liability** shown in the Declarations.

    B. The Company shall reimburse the **Insured** for reasonable fees, costs and expenses incurred in the defense of a proceeding before a regulatory or disciplinary official or agency. To be eligible for payment under this Section, such expenses must result from a proceeding arising out of an act or omission in the rendering of **Professional Services** by such **Insured**, and notice of such hearing or proceeding must be received by the **Insured** and reported to the Company during the **Policy Period** or any applicable **Extended Reporting Period**.

        1. In the event that the violation of disciplinary rules or other professional misconduct alleged in such proceeding is not proven by a final and enforceable determination by a tribunal or competent jurisdiction adverse to the **Insured**, the Company shall reimburse the **Insured** for all such fees and costs described in B. above. Such reimbursements shall be included within the Policy s **Limits of Liability**, and no deductible shall apply.

        2. In the event that the violation of disciplinary rules or other professional misconduct alleged in such proceeding is proven by a final and enforceable determination by a tribunal or competent jurisdiction adverse to the **Insured**, the Company shall reimburse the **Insured** for all such fees and costs described in B. above, subject to a maximum annual limit for all such payments combined of $10,000. No deductible shall apply. Such reimbursements shall be included within the Policy's **Limits of Liability**.

The following changes are made to **Section VI. Definitions:**

    **Item D.** is replaced by the following:

    D. " **Insured** " shall mean:

        1. The **Named Insured**;

        2. Any lawyer who is a partner of, shareholder in, or employee of the **Named Insured** at the Inception Date of this Policy, but only for **Professional Services** while such lawyer remains a partner of, shareholder in, or employee of the **Named Insured**;

        3. Any lawyer who becomes a shareholder in, partner of, or employee of the **Named Insured** subsequent to the inception date of the policy, but only for **Professional Services** while such lawyer remains a shareholder in, partner of, or employee of the **Named Insured**;

        4. Any lawyer who:

    a. Was formerly a shareholder in, partner of, or employee of the **Named Insured** or any **Predecessor Firm** (except as provided in b. below), but only with respect to **Professional Services** rendered in the name of and on behalf of the **Named Insured** or any **Predecessor Firm**; or

    b. Was formerly a shareholder in, partner of, or employee of the **Named Insured** or any **Predecessor Firm**, who retires from the private practice of law while insured under a Lawyer's Professional Liability Insurance policy issued by the Company;

5. Any employee of the **Named Insured** who is not a lawyer, but only while acting within the course and scope of his or her employment;

6. Any **Predecessor Firm**;

7. Any lawyer who acts as "Of Counsel" to the **Named Insured** but only with respect to **Professional Services** rendered in the name of and on behalf of the **Named Insured**; provided, however, the lawyer was listed as "Of Counsel" on the Application, or the Company received notice that the **Named Insured** added the lawyer as "Of Counsel" to the **Named Insured** before the alleged wrongful act, error, omission or **Personal Injury**;

8. The heirs, executors, administrators, assigns and legal representatives of each **Insured** in the event of death, incapacity or bankruptcy, but only as respects the liability of each **Insured**.

9. Any lawyer who:

    a. acts as an independent contractor; or

    b. works on a per diem basis

for the **Named Insured**, but only with respect to **Professional Services** rendered in the name of and on behalf of the **Named Insured**.

**Section VII. Exclusions**, Item **10.** is replaced by the following:

10. The rendering of or failure to render **Professional Services** by an **Insured**, with or without compensation, to any corporation, fund, trust, association, partnership, limited partnership, business enterprise or other venture (other than the operations of the **Named Insured**), where any **Insured** or **Insured s** spouse holds or was intended to hold a pecuniary or beneficial interest of more than 10%, without regard to the existence or absence of an attorney-client relationship with such entity.

Under **Section VIII. Notice of Claim**, the following is deleted:

The sixty (60) day additional reporting period shall not apply if the insured is otherwise an insured under another lawyers professional liability insurance policy or any other extended reporting period.

The following is added to **Section X. Extended Claim Reporting Period:**

D. With respect to **Extended Claim Reporting Period** coverage issued in accordance with the provisions of **Items B.** or **C.** above, the deductible amount and other deductible provisions of this policy are waived with respect to claims first made against the **Insured** during the **Extended Claim Reporting Period.**

The following additional CONDITION is added to the policy:

**LIBERALIZATION**

If the Company revises this Coverage Form to provide more coverage without additional premium charge, this Policy will automatically provide the additional coverage to the **Insured** as of the day the revision is effective in the **Insured s** state of domicile.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED**

This endorsement is part of the Policy and takes effect on the Inception Date of the Policy, unless another Effective Date is shown below.

ENDORSEMENT NO.:   3                          ISSUED TO:   Jon F. Conant

POLICY NUMBER:   AP 37092447                  EFFECTIVE DATE:   12/18/2002

By

Authorized Representative

Date

AP26813
05/2000

Page 3 of 3

## AGGREGATE DEDUCTIBLE

In consideration of the premium charged, it is hereby understood and agreed that the following provisions are made part of the Policy:

Item 4 of the Declarations, **Deductible**, is deleted and replaced by the following:

4. **DEDUCTIBLE**

| | | |
|---|---|---|
| | **EACH CLAIM** | $5,000.00 |
| | **AGGREGATE** | $5,000.00 |

The **Deductible** applies separately to each **Claim** subject to the "Aggregate" **Deductible** stated above.

For the purposes of this endorsement, Section III. C. **DEDUCTIBLE** is deleted and replaced by the following:

C. **DEDUCTIBLE**: The **Deductible** stated in Item 4 of the Declarations shall apply only to **Damages**. In no event shall the **Insured** be obligated to pay in excess of the "Aggregate" **Deductible** for all **Claims** made during the **Policy Period**, or the **Extended Claim Reporting Period** if applicable.

Upon written demand by the Company, the **Deductible** shall be paid promptly by the **Insured** to the persons or entities designated by the Company. Each **Insured** under the Policy is jointly and severally liable for the payment of the **Deductible**. The Company shall have the right, but not the obligation, to advance sums on behalf of the **Insured** within the applicable **Deductible**. If the **Insured** fails, after demand, to reimburse the Company for any sums advanced by the Company within the **Deductible**, the Company may bring suit to recover such amounts and shall also be entitled to recover interest from the date of demand, and attorneys' fees and costs incurred in bringing such suit.

The **Insured** shall be entitled to a reduced **Deductible** of either fifty percent (50%) of the amount stated in Item 4 of the Declarations, or $25,000, whichever is less, if during the **Policy Period**, or during the **Extended Claim Reporting Period** if applicable, a **Claim** is first made against the **Insured**:

(1) for which coverage is afforded under this Policy; and

(2) the **Insured** agrees, at the Company's written request and on such terms and conditions as the Company requires, to submit such **Claim** to binding arbitration. The right to elect arbitration shall be at the Company's sole option; provided, however, that no such **Claim** shall be submitted to arbitration without the prior written consent of the **Insured**.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED**

This endorsement is part of the Policy and takes effect on the Inception Date of the Policy, unless another Effective Date is shown below.

| | | | |
|---|---|---|---|
| ENDORSEMENT NO.: | 4 | ISSUED TO: | Jon F. Conant |
| POLICY NUMBER: | AP 37992447 | EFFECTIVE DATE: | 12/18/2002 |

By _____
Authorized Representative

Date

AP 23780                                                                                     6-95